Mr. Justice Doyle
dissenting:
I disagree with the majority holding that plaintiffs herein have no remedy. In order to understand the source of my disagreement, it is necessary to cite the facts in somewhat more detail.
According to the agreed statement of facts, the differences in the assessments between the years 1957 and 1958 were substantial. For example, in the case involving Brooks, Toltz and Simmons, the land and improvements were assessed in 1957 in the total amount of $10,440. In 1958 the land was assessed in the amount of $42,160, the improvements were assessed in the amount of $37,383, or a total of $79,540. The ad valorem tax for 1958 was $4,937.45, or $4,289.04 higher than it would have been had the assessor’s evaluation of such property been increased above the valuation for the year 1957. In arriving at a valuation for the year 1958 the assessor’s procedure was to place a value on each trailer space, together with an additional sum for each trailer space for availability of utilities.
In Civil Actions No. 12,921 and No. 12,922 involving appeals from the County Board of Equalization by other taxpayers similarly situated wherein the methods used were, according to the agreed statement, the same as those employed in the instant cases, the trial court voided the assessment and the court’s remarks shed some light on the issue before us. These findings and conclusions follow:
“ * * * That the assessor of Jefferson County assessed each trailer site space for land valuation at $350.00 per space, regardless of variance in size of trailer spaces. That subsequent to Plaintiffs’ protest before the County *398 Board, of Equalization the assessor was directed to reassess subject property by using a formula of $350.00 per space applicable to a 100% trailer court. Trailer courts not considered as a 100% court would be decreased from the $350.00 trailer space figure by certain percentage considerations being given to such factors as rate of occupancy, trailer arrangement and eye appeal. Plaintiffs’ property was assessed on the above basis as a 96.7% area or at the rate of $338.50 per trailer space for 86 spaces.
“That the assessed valuation on Plaintiffs’ real property including land and improvements for the taxable year 1958 as assessed by the assessor for Jefferson County, Colorado, is manifestly erroneous, oppressive and excessive.
“That the Jefferson County Assessor by the method used in arriving at tax assessments for the year 1958 did in effect enter into the field of taxation and justified or attempted to justify the tax assessment on the basis of a tax on good will, management, occupancy, eye appeal and trailer arrangement and in effect entered into a field of taxation in competition with the income tax.”
Assuming that the conclusion of the majority that C.R.S. ’53, 137-3-37, applies only to a case of overassessment and that 137-12-15 applies only to an illegal, invalid or erroneous assessment, I am still unable to accept the majority’s decision that the assessment in the case at bar is merely excessive and that it cannot therefore be tested in an action to recover taxes paid under protest pursuant to 137-12-15, supra. The effect of the majority opinion, as I view it, is to nullify in large measure the remedy to recover taxes paid under protest because if the taxpayer cannot bring an action under the present circumstances wherein the assessment was found to be manifestly erroneous, oppressive and excessive and constituting a fraud upon the “plaintiffs as taxpayers” he cannot proceed to recover such taxes in any case. I at least am convinced that where an arbitrary method of *399 assessment based upon a mechanical formula having no relation to true cash value is admittedly employed, the product of the assessment is illegal and erroneous within the terms of the cases relied upon in the majority opinion, that is, Miller v. Board of County Commissioners, 92 Colo. 425, 21 P. (2d) 714, and Northcutt v. Burton, 127 Colo. 145, 254 P. (2d) 1013.
In the above cases the decisions distinguish between mere overassessment and assessments which are wholly illegal or invalid. I have no quarrel with these standards. It is the application of the facts to them which I consider obnoxious. I believe that the majority is influenced to some extent by the fact that the action is for less than the entire amount. However, I think that even the requirement of entire voidness is satisfied in the present cases; the assessment in its entirety could have been declared void and the entire amount of tax could have been recovered. The fact that the plaintiffs have asked for something less than the whole amount of the tax does not argue that the assessment is not wholly invalid.
I believe that the majority is also unduly influenced by the fact that parties similarly situated were successful in other cases proceeding pursuant to 137-3-37, supra, but this practical demonstration is not binding on us. The validity of other procedures is not before us. We are merely required to determine whether the assessments in the present cases were erroneous so as to justify the form of proceedings which have been taken. To my mind, when the assessor adopts a formula having no semblance of legality and does so by reaching to the top of his head, so to speak, the product of the arbitrary method employed is “illegal” or “erroneous.”
In the case of Antero Reservoir Co. v. County Commissioners, 75 Colo. 131, 225 Pac. 269, this Court recognized that a wrong method of assessment produces an illegal assessment. See also Antero Co. v. Park County, 65 Colo. 375, 177 Pac. 148. Moreover, it was not necessary for the plaintiffs herein to appeal to the district *400 court pursuant to 137-3-37 before undertaking the present action. Goldsmith v. Standard Chemical, 23 F. (2d) 313. This argument made by defendants is self-defeating in that it tacitly declares that there is a single integrated remedy rather than mutually exclusive remedies as held by the majority.
It would be possible to demonstrate that the procedure followed by the assessor in the case at bar is in law illegal or erroneous by references to the cases rather than merely an excessive assessment. I do not consider this necessary. It seems plain to me that it was and is a mistake of law and hence is illegal. The fact that it is also grossly excessive should not rob it of its palpable illegality so as to rob plaintiffs of a remedy.
The only additional comment — objection that I wish to make is that the procedural attitude approved by the majority opinion strikes me as too mechanical and legalistic. It is conceivable to me that the next time an aggrieved litigant follows the appeal procedure described and approved by the majority, he may be told that he again made a fatal mistake and that his remedy in reality was in the area of 137-12-15. In other words, I would recommend a less restrictive judicial attitude toward these remedies so as to prevent the placing of such a high premium upon correct selection of the desired “writ.” I find it offensive that these litigants here have been admittedly subjected to gross injustice and are nevertheless frustrated in their efforts to right the wrong merely because the majority concludes that in their pursuit of justice they zigged when they should have zagged.